# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: C.M. & I.M.**

**No. 13-1037** (Barbour County 11-JA-28 & 13-JA-5)

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel Mary S. Nelson, appeals the Circuit Court of Barbour County's September 19, 2013, order terminating his parental rights to C.M. and I.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Karen Hill Johnson, filed a response on behalf of the children supporting the circuit court's order and a supplemental appendix. On appeal, petitioner alleges that the circuit court erred in holding an accelerated dispositional hearing for I.M., and in terminating his parental rights to both children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2011, the DHHR filed a petition against C.M.'s mother based upon aggravated circumstances due to a prior involuntary termination of her parental rights. Petitioner is C.M.'s biological father, but was not involved in the prior involuntary termination. In June of 2012, the DHHR filed an amended petition alleging that petitioner failed to provide C.M. with either a stable home or financial support. Petitioner was later adjudicated as an abusing parent as to C.M. and granted a post-adjudicatory improvement period. However, petitioner failed to comply with the terms thereof when he stopped attending hearings multi-disciplinary team ("MDT") meetings and hearings, and also stopped visiting with the child. As such, the guardian filed a motion to revoke petitioner's improvement period in February of 2013.

That same month, the DHHR discovered that petitioner had another child, I.M., and filed a second amended petition regarding this child. The allegations against petitioner as to I.M. were identical to the allegations as to C.M. Because of the new petition, the circuit court held the motion to revoke petitioner's improvement period in abeyance until March of 2013, at which point the circuit court revoked petitioner's improvement period after a hearing on the motion. At that time, the circuit court also scheduled the matter for disposition. On May 21, 2013, the circuit court held a dispositional hearing as to C.M. and a combined adjudicatory/dispositional hearing as to I.M. Petitioner did not attend this hearing, but counsel did attend and present evidence on his behalf. At the hearing's conclusion, the circuit court terminated petitioner's parental rights to both children. It is from the dispositional order that petitioner appeals.

1

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court holding an accelerated dispositional hearing as to I.M. or in terminating petitioner's parental rights to both children. As to the accelerated dispositional hearing, the Court recognizes that the specific requirements set forth in Rule 32(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings were not met. Specifically, in order to hold a dispositional hearing immediately after an adjudicatory hearing, all parties must agree, among other requirements. It is undisputed that petitioner objected to the accelerated dispositional hearing, but the Court finds that such objection does not warrant reversal.

Specifically, we have held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Based upon our review, it does not appear that the process for abuse and neglect proceedings was "substantially disregarded or frustrated" by the circuit court's decision to hold an accelerated dispositional hearing in regard to I.M. This is especially true in light of several factors, including the identical nature of the allegations of abuse and neglect as to the two children, the extended nature of the proceedings regarding C.M., the proper notice as to disposition, and petitioner's failure to make any improvements during the proceedings. Additionally, it is clear that accelerated disposition was in I.M.'s best interest, and we have previously held that "[i]n a contest involving the custody of an infant the welfare of the child is the polar star by which the discretion of the court will be

guided." *In re Timber M.*, 231 W.Va. 44, - -, 743 S.E.2d 352, 361 (2013) (quoting Syl. Pt. 1, *State ex rel. Cash v. Lively*, 155 W.Va. 801, 187 S.E.2d 601 (1972)). For these reasons, vacating the resulting order is not appropriate.

Further, the Court finds no merit in petitioner's argument that the circuit court failed to adjudicate I.M. as an abused or neglected child. In the order being appealed, the circuit court clearly found that petitioner "has abandoned the minor children." Not only does petitioner's abandonment of I.M. constitute neglect under West Virginia Code § 49-1-3(11)(A), but it is such an egregious act that it constitutes aggravated circumstances under West Virginia Code § 49-6-3(d)(1). The Court similarly finds no merit in petitioner's allegation that his due process rights were violated because he was not provided an opportunity to be heard at disposition pursuant to West Virginia Code § 49-6-2(c). As noted above, this was a properly noticed dispositional hearing, and petitioner's counsel was in attendance to present evidence on his behalf. As such, we find no violation of petitioner's due process rights in regard to the accelerated dispositional hearing for I.M.

Finally, the Court finds no error in the circuit court's termination of petitioner's parental rights to both children. Petitioner's argument on this issue stems from the fact that both children are currently in relative placements. He argues that the circuit court could have implemented a less restrictive dispositional alternative without impeding the children's permanent placement. The Court, however, finds no merit to this argument. In the proceedings below, the circuit court specifically found that petitioner "is not interested in putting forth an effort to be a parent to the minor children," and that he failed to visit the children despite having ample opportunities to do so. The record contains substantial evidence to support these findings, and further establishes that petitioner failed to comply with the terms of his improvement period and actually removed himself from the proceedings by failing to attend hearings and MDT meetings.

This evidence shows that petitioner could not substantially correct the conditions of abuse and neglect within the near future because he failed to respond to or follow through with a reasonable family case plan or other rehabilitative efforts designed to reduce or prevent the abuse or neglect of the children. As such, and because termination was in the children's best interest, the circuit court did not err in terminating petitioner's parental rights pursuant to West Virginia Code § 49-6-5(a)(6).

For the foregoing reasons, we find no error in the decision of the circuit court and its September 19, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: March 31, 2014

**CONCURRED IN BY**:
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin